**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PETER J. SNISKO,<br><br>Appellant,<br><br>v.<br><br>CASCADE FUNDING MORTGAGE TRUST HB4,<br><br>Appellee. | No. 25 CV 13339<br><br>Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

In December 2015, appellee Cascade Funding's predecessor filed a complaint in the Circuit Court of Cook County to foreclose on its mortgage on a property in Morton Grove, Illinois. The original owners of the property are deceased and their sons, including appellant Peter Snisko, claimed as an affirmative defense that their father lacked capacity to convey the mortgage. In 2022, appellee's predecessor moved for summary judgment on this issue. Before the motion was ruled on, Snisko filed for bankruptcy under Chapter 13. He then filed an adversary complaint in bankruptcy court raising the same arguments about his father's competence. After the bankruptcy court granted Cascade Funding's motion for abstention, Snisko filed the present appeal. The question on appeal is narrow: whether the bankruptcy court abused its discretion when it granted appellee's abstention motion under 28 U.S.C. § 1334(c)(1). The court reasonably exercised its discretion to abstain and its order is affirmed.

## I. Legal Standards

Appellant argues for de novo review, but a bankruptcy court's decision to abstain under § 1334(c)(1) is reviewed for abuse of discretion. *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1188 (7th Cir. 1993). Abstention is the exception rather than the rule. *Id.* at 1189. That said, a decision constitutes an abuse of discretion when it is "not just clearly incorrect, but downright unreasonable." *Cincinnati Ins. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 628 (7th Cir. 1997) (quoting *Morton v. Smith*, 91 F.3d 867, 870 (7th Cir. 1996)).

## II. Jurisdiction

A federal district court has jurisdiction to hear "appeals from final orders of a bankruptcy court." *In re Sobczak-Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016); *see* 28 U.S.C. § 158(a)(1). An order to permissively abstain is treated as a final order. *See In re Rusty Jones, Inc.*, 124 B.R. 774, 779 (Bankr. N.D. Ill. 1991). Similarly, the closing of an adversary complaint is also a final order, demonstrating that the bankruptcy court is finished with the adversary case. *See Zedan v. Habash*, 529 F.3d 398, 403 (7th Cir. 2008) (noting that the closing of an adversary complaint leaves the bankruptcy court with "nothing further to do" and thus constitutes a final judgment). I have jurisdiction over this appeal.

## III. Background

In June 2003, Roy and Audrey Snisko were the title owners of a property located in Morton Grove, Illinois. [5-2] at 133.[1] Audrey died later that year and Roy died in 2016. [5-2] at 188. The mortgage was assigned to appellee Cascade Funding in 2024. [5-2] at 279. In 2015, Cascade Funding's predecessor filed a complaint to foreclose the mortgage in the Circuit Court of Cook County. [5-2] at 279 (citing 2015 CH 17757). Appellant Peter Snisko and his siblings were named as defendants based on their heirship interest in the property. [5-2] at 188.

In 2022, Cascade Funding's predecessor filed a Second Amended Complaint to foreclose the mortgage and for other relief. [5-2] at 284–290. In his answer, Snisko raised his father's lack of capacity as an affirmative defense. [5-2] at 312. After discovery, the lender moved for partial summary judgment on Snisko's lack-of-capacity affirmative defense and a hearing was set for December 2022. [5-2] at 316. Snisko failed to file a response and at the hearing informed the court of a bankruptcy petition he had filed that day. [5-2] at 282. Snisko's bankruptcy case was dismissed for failure to file required documents, and Cascade Funding's predecessor moved to reset the state-court hearing date on its motion for partial summary judgment. [5-2] at 283. Snisko filed a second bankruptcy petition, which this time was dismissed for denial of confirmation. [5-2] at 283. In March 2024, Cascade Funding's predecessor

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except in the case of citations to court transcripts, which use the transcript's original page and line numbers.

again asked to reset the hearing date and Snisko again refiled his bankruptcy petition. [5-2] at 283.

Snisko filed his first adversary complaint in the bankruptcy court in September 2024, seeking to void the mortgage on the grounds that his father lacked capacity to comprehend the nature of the transaction. [5-2] at 106. Cascade Funding moved for abstention, Snisko failed to respond, and the bankruptcy court granted the abstention motion in November 2024. [5-2] at 185.

In January 2025, the Cook County case was dismissed "with leave to reinstate, without costs, upon motion supported by Bankruptcy Court documentation filed within 90 days of resolution of Defendant(s)' pending bankruptcy." [5-2] at 317. No one moved to reinstate, so Snisko filed a second adversary complaint in May 2025, raising the same issue as in his first adversary complaint. [5-2] at 207. Cascade Funding again moved for abstention, which Snisko opposed. [5-2] at 278–83; 319–29. The bankruptcy court confirmed Snisko's Chapter 13 plan on October 1, 2025. *See* Order Confirming Plan, *In re Peter John Snisko*, No. 24-03475 (Bankr. N.D. Ill. Oct. 1, 2025). On October 15, 2025, the bankruptcy court granted the abstention motion and closed the adversary case. *See* Transcript of Proceedings, *In re Peter John Snisko*, No. 24-03475 (Bankr. N.D. Ill. Oct. 16, 2025).

In orally granting the abstention motion, the bankruptcy judge made clear that he was granting permissive abstention under 28 U.S.C. § 1334(c)(1), *not* mandatory abstention under (c)(2). [25] at 10:6–11:19; 14:24–15:9; 15:23–24. He walked through the 12 criteria relevant to permissive abstention, and found that no factors weighed

against abstention, while seven factors weighed (at least slightly) in favor of it. Specifically, he concluded that (1) state-law issues predominated over bankruptcy-law issues, [25] at 17:16–21; (2) applicable law was difficult or unsettled, [25] at 18:6–25; (3) the capacity issue was not so intertwined with the bankruptcy case, [25] at 19:20–20:13; (4) the adversary proceeding was made to look like a core proceeding but was not actually a non-core proceeding, [25] at 21:18–23; (5) severing state-court claims was infeasible, [25] at 22:20–25; (6) the burden on the bankruptcy court's docket was great, [25] at 23:1–24:8; and (7) Snisko was forum shopping, [25] at 24:9–25:3. Further, the bankruptcy judge made clear that if the state court, for any reason, did not reinstate the case, then his order would be vacated and the parties would be back before him on the capacity issue. [25] at 26:4–19.[2]

The bankruptcy court granted the motion for abstention and closed the adversary case. Snisko now appeals. [1] at 1.

## IV. Analysis

Appellant identifies eight issues for appeal, many of which overlap with one another. [17] at 6–8. However, only three of these issues bear on the narrow question before me. I address the five extraneous arguments before reviewing the abstention decision.

[2] Appellant claims that he has been left in jurisdictional "no-man's land" because appellee voluntarily withdrew its motion to reinstate the Cook County case. [17] at 15–16. But appellant does not provide a citation for this voluntarily withdrawal. According to the Cook County docket, a motion to reinstate was filed on October 24, 2025, but there is no docket entry suggesting the motion was withdrawn. I disregard appellant's statement as unsupported.

### A. Mandatory Preemption Under § 1334(c)(2)

Snisko first asserts that the bankruptcy court erred as a matter of law by ordering mandatory abstention where no state-court proceeding was pending. [17] at 18–22. This argument fails for two independent reasons. First, Snisko's arguments are contingent on the standards for granting *mandatory* abstention, under § 1334(c)(2). But the bankruptcy court—explicitly and consistently—stated that Cascade Funding's motion for abstention was granted pursuant to § 1334(c)(1). While "the presence of a related proceeding commenced in state court" is a relevant factor in granting abstention under § 1334(c)(1), it is neither required nor dispositive. *See In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

Second, Snisko's argument fails because even if the bankruptcy court had abstained under § 1334(c)(2), an action had commenced and could have been timely adjudicated in state court. 28 U.S.C. § 1334(c)(2). Whether the state court's dismissal with leave to reinstate was a "true dismissal," *see* [17] at 19, is irrelevant. Reinstating the Cook County case was an available option and would operate as the continuation of a commenced case. Appellant has not argued that the state-court case could not have been timely adjudicated (and nor could he, where discovery was complete and Cascade Funding moved for partial summary judgment). Further, the bankruptcy court already considered this argument as part of his § 1334(c)(1) analysis and concluded that the state proceeding "appear[ed] to be easily reinstatable with what would be a ministerial motion with the state court." [23] at 19:15–17. There was no legal error in invoking permissive abstention under § 1334(c)(1).

**B. Res Judicata**

Appellant next argues that the October 1, 2025 confirmation order was a final judgment that precluded the bankruptcy court from subsequently abstaining. [17] at 22–24. But the procedural history leading up to the abstention order does not change the narrow question on appeal. As discussed in more detail below, none of the cases cited by appellant stand for the proposition that a bankruptcy court cannot abstain from hearing an adversary proceeding where a bankruptcy plan has been confirmed. To the contrary, to the extent that this argument is baked into the 12-factor test for permissive abstention, the bankruptcy court found that the capacity issue underlying the adversary complaint was not so intertwined with the bankruptcy case that it would "have any bearing on the bankruptcy." [27] at 20:11.

This argument also misrepresents the nature of the confirmed plan. Though appellant includes the disclosure in Section 8.1 that appellee's mortgage claim is being addressed in an adversary proceeding, [17] at 24, he omits the pertinent ensuing text: "In the event that this adversary proceeding is dismissed or the adversary proceeding results in a judgment in [appellee's] favor, the automatic stay shall terminate after 30 days as though this property were surrendered under Section 3.5 of the plan, unless Debtor appeals the order/judgment." [17-1] at 13. The confirmed plan neither "expressly mandated that [the claim] be resolved in the federal adversary proceeding" nor prohibited the bankruptcy court from abstaining on the capacity issue. [17] at 23. The confirmed plan did not estop either Snisko or Cascade Funding from litigating the issues in the adversary complaint.

### C. "Procedural Nullity"

Snisko argues that the bankruptcy court's order granting abstention is procedurally void because it purported to grant relief on a motion that was a legal nullity. [17] at 27–29. Appellant asserts that the bankruptcy court entered an order formally striking appellee's motion for abstention on August 7, 2025, before ultimately granting the motion two months later. [17] at 27. But this is an inaccurate and misleading characterization of the procedural history. When appellee moved for abstention on appellant's second adversary complaint in June 2025, it filed a notice of motion to appear before the court and present the motion on August 7, 2025. *See* [5-2] at 275–76. The August 7, 2025 "Order Striking Motion for Abstention" struck the *hearing date*, not the motion, and was followed by an order setting a briefing schedule and rescheduling the hearing on the motion for October 16, 2025.

Even more detrimental to appellant's argument is the fact that he filed a response to appellee's motion for abstention on September 4, 2025, consistent with the court's scheduling order and after he alleges that the motion was struck. Appellant misrepresents the procedural history of the bankruptcy proceedings and his argument on appeal fails. The abstention motion was a live controversy heard on October 16, 2025, not a nullity.

### D. Judicial Coaching/Bias

Appellant next argues that the bankruptcy court violated due process and the "law of the case" doctrine by issuing contradictory jurisdictional rulings. [17] at 32–35. Snisko's argument is based on the bankruptcy court's statement at a March 2025

hearing that he "can't abstain in favor of a proceeding that doesn't exist." [17-1] at 11:4–5. True, mandatory abstention under § 1334(c)(2) requires an existing state-court proceeding. But as discussed above, the bankruptcy court granted appellee's motion for abstention on § 1334(c)(1) grounds. And even if he hadn't, the Cook County case still existed, even if it had been dismissed with leave to reinstate. This statement was not a jurisdictional finding that bound the bankruptcy court.

Moreover, appellant did not file his Second Adversary Complaint until May 2025. The two adversary complaints arose in two different adversary proceedings and with two different case numbers. Due process does not, as Snisko contends, require a bankruptcy court to be bound in one case by a superfluous statement made in another case.

**E. Judicial Estoppel**

Appellant next argues that the doctrine of judicial estoppel precludes appellee from seeking abstention after previously insisting the matter be pursued in a federal adversary proceeding. [17] at 35–36. This is another misrepresentation. After Cascade Funding's predecessor filed a proof of claim based on the mortgage loan, appellant objected and raised the competency issue. [5-2] at 96–97. Noting that an objection to a proof of claim cannot be used to determine the validity of a lien on property, appellee stated that Snisko "must commence an adversary proceeding to challenge the mortgage lien against the subject real property." [5-2] at 98.

But this was a procedural point, not a substantive obligation; if Snisko wanted to raise his capacity defense in bankruptcy court, he needed to use the proper channel

in that court. This does not mean, however, that proceeding through the Cook County case would be improper. Appellant's cited authority is misplaced and appellant is attempting to challenge procedural history from the bankruptcy court that has no bearing on whether the court abused his discretion in granting permissive abstention.

**F. Permissive Abstention**

Appellant challenges three findings of the bankruptcy court that contributed to its conclusion that permissive abstention was warranted.

First, appellant argues that the bankruptcy court erred by classifying a lien validity determination as non-core. [17] at 24–26. True, core proceedings include "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). But not all validity questions are core proceedings "related" to a debtor's bankruptcy, with the meaning of § 1334. *See Zerand-Bernal Grp., Ins. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law." *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). Here, appellant's lack-of-capacity defense is a creation of state contract law and an issue that could be vindicated in an ordinary state-court proceeding.

Appellant's cited authority does not suggest otherwise. As discussed in more detail below, *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015), does not analyze core proceedings, and *In re Boughton*, 60 B.R. 373 (N.D. Ill. 1986), analyzes mandatory

abstention under § 1334(c)(2), which is not at issue here. The bankruptcy court did not abuse its discretion in finding that the adversary matter was not a core proceeding and that this factor weighed in favor of abstention.

Second, appellant challenges the bankruptcy court's finding that he had engaged in forum shopping. [17] at 29–32. A bankruptcy court's factual findings are reviewed for clear error. *In re Dimas*, 14 F.4th 634, 639 (7th Cir. 2021). A factual finding is clearly erroneous only where a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *In re Veluchamy*, 879 F.3d 808, 814 (7th Cir. 2018)).

The bankruptcy court's factual findings were not clearly erroneous. According to the court, appellant was trying "to get a second bite at the apple" that he had already "taken a partial bite of in the state court." [23] at 24:17–19. This conclusion is not inconsistent with the procedural history detailed earlier in this opinion, where Snisko had failed to respond to the initial motion for partial summary judgment, and then filed for bankruptcy on three separate occasions—just in time to prevent a hearing on that motion from going forward. The bankruptcy court did not clearly err in finding forum shopping and did not abuse its discretion in weighing this factor in favor of abstention.

Third, appellant contends that the factor evaluating the burden of the bankruptcy court's docket does not encompass administrative convenience. [17] at 39. Beyond citing (and misrepresenting) irrelevant case law, appellant's argument falls flat on the merits. The bankruptcy court detailed several reasons why Snisko's case

would cause an undue burden. [23] at 23:1–24:8. Given the extent of the litigation that had already occurred in the Cook County case (e.g., completing discovery and moving for partial summary judgment), the burden of litigating the capacity issue anew in bankruptcy court would be burdensome.

I also disagree with appellant that the bankruptcy court "bypassed its duty" by abstaining. [31] at 17. To the contrary, the judge made clear that if the state court for any reason did not reinstate the case, he would vacate the order and proceed with the litigation himself. [23] at 26:4–19. The bankruptcy court did not abuse its discretion with respect to this factor.

Finally, to the extent that appellant challenges the bankruptcy court's finding that applicable law was difficult or unsettled, I again conclude that the court did not abuse its discretion. Snisko claims, without accompanying legal authority, that an incapacity determination is a "straightforward factual inquiry" that would take a mere ten minutes. [17] at 40. Appellant has no authority (factual or legal) for such a proposition. He cites to nothing in the record to contradict the bankruptcy court's finding that the specific arguments being raised regarding the relevant equitable mortgage were difficult to dissect and more appropriate for a state court. [23] at 18:9–24.

Appellant has not established that the bankruptcy court erroneously or unreasonably applied the 12-factor test governing permissive abstention. It did not abuse its discretion in granting appellee's motion for abstention.

### G. Appellant's Counsel's Misconduct

Appellant's brief is replete with false quotations and erroneous statements of law. By way of example, appellant cites *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d at 1188, for the proposition that the applicable standard of review is de novo. [17] at 18. True, a bankruptcy court's legal conclusions are reviewed de novo. But this proposition cannot be found in the cited case. To the contrary, *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.* makes clear that the proper standard of review for a permissive-abstention case is abuse of discretion. 6 F.3d at 1188.

Another example includes apparent quotations that do not appear in the cited cases. *See, e.g.*, [17] at 32 (falsely quoting *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984)); [17] at 23 (falsely quoting *In re Aguirre*, 37 F.4th 427, 431 (7th Cir. 2022)); [17] at 26 (falsely quoting *In re Boughton*, 60 B.R. 373, 376 (N.D. Ill. 1986)); [17] at 39 (falsely quoting *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d at 1192)). Other parts of appellant's brief cite cases for propositions that are not made by those cases. For example, *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015), does not analyze core proceedings. And *In re K&R Mining, Inc.*, 135 B.R. 269 (Bankr. N.D. Ohio 1991), says nothing about whether docket congestion is a proper ground for abstention (other than including it in the list of 12 factors).

To make matters worse, appellant's counsel doubled down on these quotations and propositions in his reply brief, *after* appellee pointed out these errors. *See, e.g.*, [23] at 24 ("Once again, Debtor claims a case stands for a proposition that is nowhere to be found in the case. This is a common issue throughout Debtor's brief."). Counsel

had the opportunity to respond to this allegation and correct his mistake. Instead, he continued to try to mislead the court.

Falsifying information "undermines the most basic foundations of our judicial system" and "imposes unjust burdens on the opposing party, the judiciary, and honest litigants." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). In addition to the false representations discussed above, counsel also misrepresented the bankruptcy-court proceedings when he argued that appellee's abstention motion had been stricken, when in fact only the hearing date had been stricken and rescheduled. I order appellant's counsel, Martin Spencer, to show cause why he should not be sanctioned for the fabricated legal citations and other misrepresentations.

## V. Conclusion

The order of the bankruptcy court is affirmed. Enter judgment in favor of appellee, affirming the bankruptcy court, and terminate case. Attorney Spencer's response to this court's order to show cause why he should not be sanctioned is due September 9, 2026.[3]

ENTER:

Manish S. Shah
United States District Judge

Date: August 19, 2026

---

[3] A court can consider sanctions after judgment for conduct that occurred before judgment. *See In re Cont'l Steel Corp.*, 966 F.2d 1456 (7th Cir. 1992) (explaining that a Rule 11 hearing

is an independent proceeding supplemental to the original proceeding and that sanctions can therefore be proper even after dismissal of the underlying case).